Toy, Respondent, vs. MANDERIN COMPANY, imp., Appellant.

*February 7—March 4, 1919.*

*Landlord and tenant: Long term: Improvements by lessee: Default: Unlawful detainer: When equitable action by lessor is necessary: Statute construed.*

1. A lease of parts of a building for a term of sixty years, which gave the lessee "permission" to remodel the premises to fit them for the uses for which they were let, but did not *require* him to make any such changes or in any way indicate the cost

thereof, is not such a lease as is contemplated by sec. 2197*a*, Stats., requiring the lessor to pursue an equitable remedy in the nature of a foreclosure action to terminate such a lease as is there described after required improvements costing more than $5,000 have been made by the lessee.

2. It being manifest from the terms of the lease that the matter of making the changes and the cost thereof were left to the lessee's discretion, it cannot be held that the fact, if it was a fact, that the lessor knew the contemplated remodeling would necessarily cost more than $5,000 brought the lease within the class described in said statute.

3. A provision in such lease that upon its expiration or in case of a breach of condition by the lessee he would upon request of the lessor place the premises in the condition in which they were at the time of signing the lease, clearly indicates that the parties did not regard the remodeling as an improvement of the premises within the meaning of said sec. 2197*a*, Stats.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming a judgment of the civil court of Milwaukee county in an action of unlawful detainer, in favor of the plaintiff and against the defendant.

*Charles Toy,* the plaintiff, owns a six-story building located on the east side of Second street, between Grand avenue and Wells street, Milwaukee. On October 2, 1916, he leased the north half of the first floor with certain reservations and the entire sixth floor of the building to the defendant *Frank Rigas,* the leased portion to be used as a café, restaurant, saloon, and palm garden. Permission to remodel the premises to fit them for these purposes was given by the lease, which was made for sixty years and provided for a graduated schedule of rentals. The annual rental was to be paid in equal monthly instalments in advance on the first day of each month. With the consent of the plaintiff said defendant subleased a portion of the premises to the defendant *Rigas Hotel Company* and to others.

On April 18, 1918, *Charles Toy* served notice on all of the defendants to pay rent or quit, claiming that there was unpaid $1,855.21 of their rentals. At the end of the usual

three days, in default of payment, he instituted this action to oust the defendants.

As a defense the defendants allege that the premises, when leased, contained no facilities for the purposes of conducting a café, saloon, restaurant, and palm garden; that they erected and constructed improvements on the premises exceeding in value $20,000; that these improvements were completed prior to the commencement of this action; that the lease provides for a term of more than fifty years; and that for these reasons the court has no jurisdiction of the subject matter of this action.

The civil court entered judgment that the plaintiff have restitution of the premises and recover the sum of $18.90 costs. The circuit court affirmed the judgment of the civil court, with $10 costs, to be paid the plaintiff by the defendants. Appeal is taken from this judgment.

For the appellant there was a brief by *Gugel & Kline* of Milwaukee, and oral argument by *F. H. Gugel.*

For the respondent there was a brief by *Stover & Stover* of Milwaukee, and oral argument by *James H. Stover.*

SIEBECKER, J. It is provided by sec. 2197*a*, Stats.:

"Whenever there shall be any default in the conditions of any lease of lands or a breach of the covenants thereof and such lease shall provide for a term exceeding fifty years and require the lessee to erect or construct improvements or buildings upon the land demised at his own costs and exceeding in value the sum of five thousand dollars, and such improvements shall have been made, and the lessor desires to determine the lease" and recover possession of the property free from lessee's liens and claims upon conditions broken or breach of covenant, he may enforce his right in equity "and proceed in all respects as if the action was brought under the statute to foreclose a mortgage upon real estate, except that no sale of the premises shall be ordered."

The question presented is: Did the court err in holding that the lease involved here is not one of the class included within the terms of the foregoing statute? One of the con-

Toy v. Manderin Co. 168 Wis. 596.

ditions of a lease, to bring it within this statute, is that it shall "require the lessee to erect or construct improvements or buildings upon the land demised at his own cost" in excess of $5,000 in value. The terms of the lease in question on this subject provide: "Permission is hereby given the lessee to remodel any and all of said demised premises to conform to the purposes for which the same are demised." This is the only stipulation in the lease pertaining to the right granted the lessee to make changes in the building to adapt it to the uses specified in the lease. There is no provision in the lease requiring the lessee to make these changes, nor do the conditions respecting remodeling of the building by lessee in any way indicate the cost thereof. Manifestly under the terms of the lease the nature, kind, extent, and cost of remodeling the interior of the premises demised for the installation and conduct of lessee's business were wholly within his discretion. Under the covenants lessor could not require of lessee to construct improvements on the premises, nor do the terms of the lease prescribe that an amount in excess of $5,000 was to be expended in the contemplated remodeling. It is manifest that the intent of the parties, as shown by the terms of the lease, was to leave this matter to the discretion of the lessee. The contention that lessor understood and knew that the contemplated remodeling of the interior of the building would necessarily cost in excess of $5,000 and therefore the language employed in the lease should be construed as embodying an agreement that it would cost that amount and thus come within the calls of the statute, is not sustained. This would be doing violence to the express terms of the lease and be contrary to the manifest intent of the parties. The provisions of the lease that lessee agrees, upon request of the lessor, at the expiration of the term "to remove the partitions, doors, walls, plumbing, and movable equipment promptly, and to place the said premises in the shape in which the premises were at the signing of this lease," and to do likewise in case of a

termination of the lease for breach of conditions, indicate very clearly that the parties understood that the remodeling was not regarded by them as an improvement of the premises within the meaning of the provisions of sec. 2197a, Stats. The trial court properly held that the judgment of the civil court must be affirmed, upon the ground that the lease is not controlled by the provisions of this section, and that plaintiff is entitled to judgment for removal of defendants from the premises for breach of the conditions of the lease and to have restitution thereof.

*By the Court.*—The judgment appealed from is affirmed.